IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                          Case No. 25-10080-JWB

RUBEN FRANCO PERALTA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's appeal (Doc. 16) of the magistrate judge's order of release pending trial and motion for detention. For the reasons stated herein, the government's motion for detention is GRANTED, the magistrate judge's order of release is REVOKED, and Defendant is committed to the custody of the Attorney General of the United States pending trial.

**I.    Facts and Procedural History**

On August 5, 2025, Defendant Ruben Franco Peralta, a citizen of Mexico, without legal presence in the United States, was indicted on a single count of Possession of a Firearm by an Illegal Alien in violation of 18 U.S.C. § 922(g)(5). (Doc. 1.) Defendant's initial appearance was before a United States magistrate judge on August 11, 2025. He was detained until a detention hearing could be held on August 20, 2025. At the conclusion of the hearing, the magistrate judge found that the government had met its burden to show that Defendant posed a danger to the community; however, the magistrate judge denied the government's motion for detention (Doc. 13), finding instead that there were conditions of release that would ensure the safety of the community while Defendant was on bond. (Doc. 14.) The government has appealed the order

1

and asks the court to enter an order of detention. (Doc. 16.) Defendant filed a response to that appeal. (Doc. 20.) This court held a hearing on August 22, 2025.

On May 3, 2025, Defendant was involved in a motor vehicle accident in Haskell County, Kansas. Defendant was the sole occupant of a vehicle involved in the accident. When officers arrived at the scene and encountered Defendant, they noticed signs of intoxication. Police concluded Defendant was intoxicated after performing field sobriety tests. A subsequent search of Defendant's vehicle showed he was traveling with a Ruger .22 caliber rifle and a 25-round magazine. Also found on Defendant's person was a folded $20 bill containing cocaine. The State of Kansas convicted Defendant of a DUI offense and a charge of criminal use of a weapon for this conduct. At the time of the May 3rd incident, Defendant was already on probation as a result of a prior DUI conviction from last year.

**II.    Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and

the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

    (1) The nature and circumstances of the offense charged...;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including-

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of flight risk or danger to the community in certain cases, but that presumption does not apply here. *See* 18 U.S.C. § 3142(e). The government has the burden to prove flight risk by a preponderance of the evidence and to prove dangerousness by clear and convincing evidence. *United States v. Dermen*, 779, F. App'x 497, 500–01 (10th Cir. 2019).

**III.   Analysis**

The court addresses each of the detention factors in turn.

**Nature and circumstances of the offense.**   Defendant is a citizen of Mexico without lawful status in the United States and he is charged with unlawful possession of a firearm by an illegal alien under 18 U.S.C. § 922(g)(5). The penalty for the offense charged includes the possibility of imprisonment for a term of not more than 15 years. 18 U.S.C. § 924(a)(8). (Doc.

1.) Defendant's illegal possession of a firearm while intoxicated counsels in favor of Defendant being detained as his conduct is a danger to the community.

**Weight of the evidence.** The weight of the evidence against Defendant is considerable. The indictment arises from the presence of a firearm in Defendant's vehicle observed in plain view by responding officers. Additionally, Defendant has already been convicted in the State of Kansas for criminal use of a weapon arising out of the same conduct. This factor also counsels in favor of detention.

**History and characteristics of Defendant.** Defendant has been in the United States for at least ten years during which time he has lived in southwest Kansas. Defendant has been convicted of driving under the influence three times in the last three and a half years. As explained above, Defendant was also convicted of a misdemeanor charge for criminal use of a weapon under Kansas law. Because he faces 15 years in prison and subsequent deportation, Defendant is, as the government argues, at least somewhat incentivized to flee the jurisdiction of the court and cross the southern border into Mexico. (Doc. 16 at 7-8.) This incentive is compounded by the fact that Defendant has significant family in Mexico and is unable to legally work in the United States. Therefore, the court is concerned that Defendant is a flight risk.

The defense points out that Defendant has substantial contacts in the United States, including his friends, "on and off" girlfriend of seven years, and their three children. Defendant also claims that he no longer has a passport, making it unlikely he will flee the jurisdiction. The court is unpersuaded by these mitigating facts. Defendant was raised in Mexico and much of his family remains in Mexico. His unlawful presence in the United State prevents him from legally procuring employment. While the fact that Defendant does not have a passport would normally weigh in his favor, the fact that Defendant is an illegal alien makes the passport less relevant. If

4

Defendant was willing to cross into the United States without a passport the court is reluctant to conclude he would not cross back into Mexico without one.

**Nature and seriousness of danger.** A federal court must order the release of a person subject to conditions pending trial unless the court determines that a release will endanger the safety of another person or the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

The government argues that Defendant's unlawful possession of a firearm, operating a vehicle while intoxicated, and possession of cocaine makes the defendant a serious danger to the community. (Doc. 16 at 8.) Defendant contends that a condition prohibiting him from driving while on pretrial release, along with the other conditions imposed by the magistrate judge, would sufficiently protect the public. But the record does not provide the court much comfort. Defendant has three DUIs on his record. DUI laws forbid the Defendant from driving under the influence, but he did not obey those laws. Additionally, Defendant has been charged with operating a motor vehicle without a license four separate times because he refused to obey the laws that told him not to do that, either. Defendant's previous general compliance with court supervision cannot allay this court's concerns, particularly when at the time of the May 3rd incident, Defendant was already on probation for a previous DUI. Commission of a new offense while on probation makes it even more likely that Defendant does not appreciate the seriousness of judicial or statutory limits imposed on his conduct – if he won't obey the immigration laws, DUI laws, driver licensing laws, and conditions of prior probation, why should this court expect him to comply with conditions of

release, particularly when the risk involved is tied to substance abuse issues such as drugs and alcohol, which are not so easy to overcome?  Accordingly, this factor also counsels heavily in favor of pretrial detention.

Defendant further argues that because he is subject to an Immigration and Customs Enforcement ("ICE") detainer he is not a flight risk or a danger to the community.  (Doc. 20 at 2.) In support of this argument Defendant cites *United States v. Antonio Ramirez-Lopez*, No. 25-3109, 2025 WL 2319430 at *4 (10th Cir. Aug. 12, 2025).  In that case, the Tenth Circuit reversed a lower court that failed to consider the impact of the defendant's ICE custody on the Bail Reform Act analysis.  (*Id.*)

Here, the court finds that the ICE detainer has little if any bearing on the flight risk or danger to the community posed by Defendant.  Defendant is not now, nor is there any evidence that he has ever been, in ICE custody.  It is entirely uncertain whether ICE would actually take Defendant into custody if released by this court, or whether ICE would keep him in custody or release him at some later date.  As the entity with primary jurisdiction in this matter, the court evaluates Defendant as he presents today and declines to speculate on what the future might hold. He presents as an illegal alien who, until coming into the custody of this court, was roaming at large in the interior of this country endangering the community by repeatedly driving a motor vehicle under the influence of intoxicating substances.  The risk to the community demonstrated by this pattern of nefarious conduct is far too serious to rely on speculation and conjecture about what ICE might do with him.

In careful consideration of all the § 3142(g) factors, the court finds that the government has shown by clear and convincing evidence that there is no condition or combination of pretrial release conditions ensure the safety of the community from Defendant, as described above.

Moreover, the court finds that the government has shown by a preponderance of the evidence that there is no condition or combination of conditions that will ensure Defendant's appearance in this matter. In particular, the nature of the offense and the weight of the evidence expose Defendant to the risk of a substantial prison sentence followed by deportation. Since it is clear that he cannot lawfully remain in this country, and that he has substantial family ties in Mexico that includes weekly contact with his family member there, there is little reason to believe that Defendant would not reach the obvious logical conclusion that it is far better to flee this country and avoid the risk of a prison sentence since he is ultimately going to be deported anyway.

## IV.    Conclusion

The magistrate's order of release, entered on August 20th, 2025 (Doc. 13) is REVOKED and the government's motion for detention (Doc. 16) is GRANTED.

Defendant Ruben Franco Peralta is hereby committed to the custody of the Attorney General of the United States, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. IT IS SO ORDERED. Dated this 25th day of August 2025.

s/ John Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE