IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No. 25-10080-JWB

RUBEN FRANCO PERALTA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions to dismiss. (Docs. 25, 26.) The motions are fully briefed and ripe for decision. (Docs. 25, 26, 31, 32, 34.) The motions are DENIED for the reasons stated herein.

### I. Facts and Procedural History

Ruben Franco Peralta is charged with violating 18 U.S.C. § 922(g)(5) which prohibits possession of a firearm by an illegal alien. (Doc. 1.) He was indicted on August 5, 2025. (*Id.*) On May 3, 2025, Defendant was allegedly illegally present in the United States and possessed a firearm. (*Id.*) The indictment contains no other facts.

On October 20, 2025, Defendant filed two motions to dismiss. (Docs. 25, 26.) The first seeks dismissal of the indictment because Congress allegedly exceeded its authority under the Commerce Clause when it enacted § 922(g)(5) and the second seeks dismissal by arguing the indictment violates Defendant's Second Amendment rights. For the reasons explained below, the court denies both motions.

### II. Standard

An indictment "must be a plain, concise, and definite written statement of the essential

facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is subject to dismissal for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "An indictment is sufficient if it (1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991).

### III. Analysis

#### A. Commerce Clause

Defendant acknowledges his motion is squarely foreclosed by binding Tenth Circuit case law. (Doc. 25 at 2.) *See United States v. Patton*, 451 F.3d 615, 635 (10th Cir. 2006) ("Because Mr. Patton's bulletproof vest moved across state lines at some point in its existence, Congress may regulate it under *Scarborough*, even though it does not fall within any of the three categories the Court now recognizes for Commerce Clause authority.") The issue is presented for appeal preservation. Recognizing the Tenth Circuit authority, the court denies Defendant's motion to dismiss on Commerce Clause grounds. (Doc. 25.)

#### B. Second Amendment

Defendant argues that 18 U.S.C. § 922(g) is unconstitutional as applied to him because of his rights under the Second Amendment to the United States Constitution. (Doc. 26.) The only trouble for Mr. Peralta is that he has no Second Amendment rights. To prevail on an as applied challenge Defendant must show that the Second Amendment applies to his conduct, at which time the government then has the burden to show that the regulation is consistent with the nation's historical tradition of firearm regulation. *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2023). This standard requires only a "historical analogue" between the modern regulation

and historical regulations, not a "historical twin." *United States v. Rahimi*, 602 U.S. 680, 701 (2024).

This court has opined on this issue before and does not feel compelled to add to Westlaw's already boundless library of digital ink. *See United States v. Ortiz-Moreno*, No. 24-CR-10079-JWB, 2025 WL 1135437 (D. Kan. Apr. 17, 2025). What the court explained in *Ortiz-Moreno* is true here too. Mr. Peralta is attempting to invoke the protections of a constitutional right to which he has no claim. The Second Amendment reads "A well regulated Militia, being necessary to the security of a free State, *the right of the people* to keep and bear Arms, shall not be infringed." U.S. Const. amend. II (emphasis added). As far as this court is concerned, illegal aliens are not part of "the people" included in the Second Amendment's protections because they are not "law-abiding responsible citizens" who are "members of the political community." *Ortiz-Moreno*, 2025 WL 1135437 at *2 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 580, 634 (2008)).

Defendant's arguments to the contrary do not alter this conclusion. Defendant claims that his work as a cowboy in Kansas, his family life, and his popular music gig in Kansas place him "among the people of the United States." (Doc. 26 at 6.) These activities do not suffice to make an illegal alien a member of "the political community" of the United States. *See Heller*, 554 U.S. at 580. Whatever the reach of the "the political community," taking it to include allegedly criminal, illegally present noncitizens would render *Heller's* language meaningless. Accordingly, this court will not consider a person in the shoes of Mr. Peralta, no matter his activities in the United States, to be covered by the Second Amendment's sweep.

**IV.   Conclusion**

As a result of the foregoing, Defendant's motions to dismiss are denied. (Docs. 25, 26.)

IT IS SO ORDERED.  Dated this 11th day of December, 2025.

                                              s/ John W. Broomes  
                                              JOHN W. BROOMES  
                                              CHIEF UNITED STATES DISTRICT JUDGE